UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-3261 |
| | § | |
| HUNTLEIGH USA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON MOTION TO DISMISS

Pending before the Court is the defendant's, Huntleigh USA Corporation ("Huntleigh"), motion to dismiss and memorandum in support thereof brought pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.  (Dkt. Nos. 5 & 6).  The plaintiff, Joseph Chhim ("Chhim"), has failed to file a response to Huntleigh's motion to dismiss and the time for doing so has elapsed.  Pursuant to this Court's local rules, Chhim's failure to respond will be "taken as a representation of no opposition."  S.D. Tex L.R. 7.4.  After having carefully considered the motion, the pleadings and the applicable law, the Court determines that Huntleigh's motion to dismiss should be GRANTED.

Federal Rule of Civil Procedure 12(b)(2) permits a court to dismiss an action when it lacks personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  When ruling on a motion brought pursuant to Rule 12(b)(2), a court may review "affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery." *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985).  Once a defendant contests the assertion of personal jurisdiction, the plaintiff "seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir. 1982)).  At the pretrial stage, in the absence

of a hearing, the plaintiff need only establish a *prima facie* case for personal jurisdiction. *Luv N'
Care*, 438 F.3d at 469; *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied,* 513 U.S. 930
(1994).

Federal Rule of Civil Procedure 12(b)(5) authorizes the court to dismiss a case for
"insufficient service of process."   Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa
Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir.), *cert. denied*, 513 U.S. 1016, 115 S. Ct. 577,
130 L.Ed.2d 492 (1994) ("A district court . . . has broad discretion to dismiss an action for
ineffective service of process.").   "In the absence of [proper] service of process (or waiver of
service by the defendant), a court ordinarily may not exercise [jurisdiction] over a party the
complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.
344, 350, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999).   "[T]o achieve proper service for purposes of
Rule 12(b)(5), a party must follow the requirements of Rule 4 of the Federal Rules of Civil
Procedure." *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp.2d 746, 748 - 749 (W.D. La. 2000).

Because the issue in this case concerns whether service of process was properly effected
on a corporation, the plaintiff, or Chhim, was required to comply with Rule 4(h) of the Federal
Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(h).   Rule 4(h) specifically provides as follows:

> **(h) Serving a Corporation, Partnership, or Association**. Unless federal law
> provides otherwise or the defendant's waiver has been filed, a domestic or foreign
> corporation, or a partnership or other unincorporated association that is subject to
> suit under a common name, must be served:
>
> **(1)**      in a judicial district of the United States:
>
> > **(A)**   in the manner prescribed by Rule 4(e)(1) for serving an individual;
> > or
> >
> > **(B)**   by delivering a copy of the summons and of the complaint to an
> > officer, a managing or general agent, or any other agent authorized
> > by appointment or by law to receive service of process and--if the

agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

**(2)**   at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).  Rule 4(e)(1) authorizes service on an individual in accordance with Texas law.  Texas law authorizes service on the corporation's president, vice president, or registered agent or on the secretary of state if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."   Tex. Bus. Orgs. Code § § 5.201, 5.251(1), 5.255(1).  Rule 4(m) further maintains that if service is not perfected on a defendant within 120 days after the filing of the complaint and there is no showing of good cause for the failure to effect such service, a court is required to either dismiss the action without prejudice or order that service be made within a precise time.  *See* Fed. R. Civ. P. 4(m).

Moreover, "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  *Sys. Signs Supplies v. U.S. Dep't  of Justice, Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985); *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981)).  In the Fifth Circuit, the standard for "good cause" requires a litigant "to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Sys. Signs Supplies*, 903 F.2d at 1013 (quoting *Winters*, 776 F.2d at 1306 (emphasis omitted)). "[T]he claimant must [also] make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'"   *Id.* (internal citation and quotation marks omitted).  "[A] district court enjoys  broad discretion in determining whether to dismiss an action

for ineffective service of process." *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

In this case, Huntleigh contends that dismissal of this case is proper under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process because Chhim failed to effect service pursuant to Rule 4(h)(1)(B) or Texas law.  It maintains that Chhim ignored the rules and instead mailed a copy of the complaint to its outside employment counsel, John B. Renick.  It contends that Renick is neither its registered agent for service of process nor an individual with actual authority to receive service on its behalf.  As a consequence, it argues that such "service" is not permitted under the Rules and has not been recognized as a permissible substitute.  This Court is inclined to agree.

Chhim filed this action on November 5, 2013.  Huntleigh moved for dismissal on November 25, 2013, giving Chhim detailed notice of his deficiencies relative to service of process, the prerequisites for effecting proper service, and the potential for dismissal in light of Huntleigh's claim of lack of personal jurisdiction.  Notably, Chhim has not responded to Huntleigh's motion to dismiss and the time for doing so has long expired.  Moreover, the allegations contained in Chhim's complaint in this case bear a striking resemblance to those alleged in a previous case he filed against Huntleigh and its then-acting Human Resources Manager in November of 2012.  That case was dismissed on October 3, 2013, on Huntleigh's motion for sanctions due to Chhim's repeated failure to respond to discovery.  Therefore, given the duration of suit, Chhim's ample notice of the defect in service, his failure to proffer any suggestion of good cause in spite of such notice coupled with his pattern of dilatory behavior, this Court determines dismissal to be appropriate.  Accordingly, Huntleigh's motion to dismiss is

GRANTED and this case is DISMISSED for lack of personal jurisdiction based on insufficient service of process.

It is so **ORDERED**.

SIGNED on this 28th day of February, 2014.

_____
Kenneth M. Hoyt
United States District Judge